JAMES W. HUNT *v.* WINCHESTER & RED RIVER IRON
WORKS T. R. CO.

**Corporations—Subscription to Stock—Misrepresentation—Change of Location of Turnpike.**

The allegations of fraud and misrepresentation are not sustained by the evidence. The appellant's own witness proves that the road was located at the time as Goff said it was, and it was the agreement of the parties that Hunt would waive his right to compensation for the road bed taken if the road should be located through his land, that he afterwards changed his mind as to damages, and that caused the change in the location. This was not such a change as would affect the right of a subscriber to the capital stock.

APPEAL FROM CLARK COUNTY CIRCUIT COURT.

April 11, 1871.

OPINION BY JUDGE PETERS:

Appellee brought this action on a writing signed by appellant in the following language. We, whose names are hereunto subscribed, promise to pay the board of managers of the Winchester- and Red River Iron Works Company one hundred dollars for every share of stock set opposite our names in such manner and proportions, and at such times as shall be determined on by said board, and agreeable to an act of Assembly incorporating said company.

Appellants' defense is contained in an answer of five paragraphs, in substance as follows:

1. That he was induced to sign the paper sued on by the fraud, Covin, and misrepresentation of John H. Goff, the plaintiff's commissioner to procure subscriptions for stock, its agent and president.

2. That he signed said writing upon the statement of said Goff that the turnpike road was located, and would be built in part upon the line between Jeptha Hunt, and the widow Cooper, and through, and upon the land of Oliver Evans, etc., and that said turnpike road would remain so located and appellant confiding in that statement of said Goff subscribed for one share of stock in said company, which he would not otherwise have done.

3. That is was greatly to the interest of his father and of himself that the road should be located as it was represented by Goff it had been.

4. That plaintiff, in order to induce him to sign said writing, represented that said road was located as aforesaid.

5. That plaintiff well knew that he subscribed for said stock because he believed the road was located as aforesaid and that after he subscribed for said stock plaintiff changed the location of said road, which change was to his injury, opposed by him, and he therefore denies that said writing is obligatory on him.

It is not necessary to decide whether the parol statement of Goff made at the time appellant signed the writing sued on, were competent evidence to add to and change the contract as

evidenced by the writing is not a question before us, as they were admitted without objection; and appellant had nothing to complain of on account of the rejection of evidence.

The court below gave but one instruction to the jury, and that as asked for by appellant; slightly modified by striking out therefrom the word "fraudulent" before the words "Statement of John H. Goff" and before the words "Representation of said Goff," and to these modifications he excepted. That qualification was altogether proper, because if it had not been made, the court would have assumed to decide a material fact, which it was the province of the jury to decide.

The allegations of fraud, and misrepresentations are not sustained by the evidence, the appellants' own witnesses prove that the road was located at the time and as Goff said it was, and the evidence tends to show that it was the agreement of the parties that Jeptha Hunt would waive his right to compensation for damages for his land taken by appellee, if the road should be located as Goff represented it was, that he afterwards changed his mind as to compensation, and that caused a change of the location of the road.

Perceiving no error in the proceeding prejudicial to appellant the judgment must be affirmed.

*Huston, Simpson,* for appellant.

*Breckenridge & Buckner,* for appelee.